**Cheryl CRUMPLEY, Plaintiff–Appellant,**

v.

**WACKENHUT CORRECTIONS CORPORATION, Defendant–Appellee.**

**Docket No. 01–7918.**

United States Court of Appeals, Second Circuit.

March 12, 2002.

Cheryl Crumpley, pro se, Laurelton, NY, for Plaintiff–Appellant.

Adin C. Goldberg, Winston & Strawn, New York, NY, for Defendant–Appellee.

Present CALABRESI, CABRANES, Circuit Judges, and AMON,* District Judge.

*SUMMARY ORDER*

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

Cheryl Crumpley was employed as a corrections officer with Wackenhut Corrections Corporation ("WCC"), which, under contract with the Immigration and Naturalization Service ("INS"), provides corrections officers and supervisors for the INS detention center in Jamaica, Queens. After almost three years of employment, Crumpley was terminated on November 3, 1999. Crumpley alleges that she was fired because she is African–American, female, and has a disability in the form of diagnosed cervical cancer. WCC claims that it discharged Crumpley because Crumpley initiated a heated argument with another corrections officer in the presence of INS detainees, and because of a series of incidents in which Crumpley was written up or suspended for allegedly sleeping on the job or being absent from work without permission. Crumpley disputes the validity of each suspension and violation, but not the fact that she was disciplined in each case.

Crumpley filed a complaint against WCC alleging, *inter alia,* violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* and the American with Disabilities Act, 42 U.S.C. §§ 12112–17. In order to bring a successful claim for discrimination under Title VII or the ADA, it is not sufficient to allege that an adverse employment action was wrongful or not explained. The action must be shown to be discriminatory. In order to survive a defense motion for summary judgement, a plaintiff must "produce not simply 'some' evidence, but 'sufficient evidence to support a rational finding that the legitimate, non-discriminatory reasons proffered by the [defendant] were false,

---

* The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

and that more likely than not [discrimination] was the real reason for the [adverse employment action].' " *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 (2d Cir. 2000) (quoting *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996)) (first two alterations in original). Crumpley submitted no evidence that WCC did not believe its proffered reason for firing her, nor has she submitted any evidence showing that WCC's actions were discriminatory.

We have considered all of appellant's other arguments and find them to be meritless. Accordingly, we AFFIRM the judgment of the district court.